UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARY HORN and FREDERICK HORN, SR.,   10 CIV 6082 (JSR)
Individually and as Beneficiaries of the Estate of
FEDERICK HORN, JR.,

**ANSWER TO COMPLAINT**

Plaintiffs,

-against-                                                     DOCUMENT
                                                              ELECTRONICALLY FILED

BANK OF AMERICA CORP., BANK OF
AMERICA GROUP BENEFITS PROGRAM
("THE PLAN"), FMR, LLC and METLIFE, INC.,

Defendants.
------------------------------------------------------------------X

Defendants, BANK OF AMERICA GROUP BENEFITS PROGRAM ("the Plan") and METROPOLITAN LIFE INSURANCE COMPANY s/h/a METLIFE, INC. ("MetLife"), by their attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for their Answer to plaintiffs' Complaint, respectfully set forth the following upon information and belief.

## THE PARTIES

FIRST:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of plaintiffs' Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiffs' claim for benefits kept and maintained by MetLife in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein, except admit plaintiffs are the named beneficiaries for Basic Life Insurance benefits of Frederick Horn, Jr. (the "Decedent") under the Plan and the Decedent's parents.

1

SECOND: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of plaintiffs' Complaint and respectfully refer all questions of law to the Honorable Court, except admit Bank of America ("BOA") was the sponsor and Plan administrator of the Plan.

THIRD: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of plaintiffs' Complaint.

FOURTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that MetLife maintains its principal place of business and conducts substantial business in this district, and MetLife issued to BOA a group policy of insurance to fund benefits payable under the Plan.

## JURISDICTION AND VENUE

FIFTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that this Court has subject matter jurisdiction over this matter pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), § 502(e)(1), 29 U.S.C. § 1132(e)(1), that MetLife is a resident of, maintains an office, and conducts substantial business in this district.

SIXTH: Deny each and every allegation contained in paragraph "6" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that venue is proper in this district.

## STATEMENT OF THE CASE

SEVENTH:   Deny each and every allegation contained in paragraph "7" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except deny that Decedent was enrolled in Associate Supplemental Life Insurance ("ASL") at the time of his death.

EIGHTH:   Deny each and every allegation contained in paragraph "8" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except deny that MetLife or the Plan violated any fiduciary duty or that they are responsible for any penalties allegedly stemming from defendants' failure to provide plaintiffs with relevant Plan documents.

## FACTS SUPPORTING THE CLAIM

NINTH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit Decedent was terminated from employment by BOA, effective July 1, 2008.

TENTH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of plaintiffs' Complaint.

ELEVENTH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of plaintiffs' Complaint.

TWELFTH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of plaintiffs' Complaint.

THIRTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiffs' Complaint, except admit Decedent died on October 26, 2008.

FOURTEENTH: Deny each and every allegation contained in paragraph "14" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record pertaining to plaintiffs' claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein and deny that plaintiffs are entitled to any ASL benefits under the Plan because the Decedent was not enrolled in ASL on the date of his death.

FIFTEENTH: Deny each and every allegation contained in paragraph "15" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record pertaining to plaintiffs' claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein and deny that plaintiffs are entitled to any ASL benefits under the Plan because the Decedent was not enrolled in ASL on the date of his death.

SIXTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of plaintiffs' Complaint.

SEVENTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of plaintiffs' Complaint.

EIGHTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of plaintiffs' Complaint.

NINETEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of plaintiffs' Complaint.

TWENTIETH: Deny each and every allegation contained in paragraph "20" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record pertaining to plaintiffs' claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein and deny that plaintiffs are entitled to any ASL benefits under the Plan because the Decedent was not enrolled in ASL on the date of his death, except admit that MetLife approved the plaintiffs' claims for Basic Life Insurance ("BLI") benefits under the Plan.

TWENTY-FIRST: Deny each and every allegation contained in paragraph "21" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record pertaining to plaintiffs' claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein and deny that plaintiffs are entitled to any ASL benefits under the Plan because the Decedent was not enrolled in ASL on the date of his death, except admit plaintiffs made claims to Decedent's employer-sponsored benefits under the Plan and admit that MetLife approved the plaintiffs' claims for BLI under the Plan.

TWENTY-SECOND: Deny each and every allegation contained in paragraph "22" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record pertaining to plaintiffs' claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein and deny that plaintiffs are entitled to any ASL benefits under the Plan because the Decedent was not enrolled in ASL on the date of his death, but admit that MetLife approved plaintiffs' claims for BLI benefits under the Plan.

TWENTY-THIRD: Deny each and every allegation contained in paragraph "23" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record pertaining to plaintiffs' claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein, deny that plaintiffs are entitled to any ASL benefits under the Plan because the Decedent was not enrolled in ASL on the date of his death, and deny that MetLife or the Plan "cancelled" or "mistakenly cancelled" Decedent's purported ASL coverage under the Plan.

TWENTY-FOURTH: Deny each and every allegation contained in paragraph "24" of plaintiffs' Complaint as alleged, except deny that the Plan's Benefit Appeals Committee is the proper claim fiduciary for the Plan's ASL benefits because the Plan specifically identifies MetLife as the party with full discretionary authority to determine eligibility for benefits and to resolve all questions relating to claims for ASL benefits under the Plan, and deny that plaintiffs submitted any appeal to MetLife concerning their claims for ASL benefits.

TWENTY-FIFTH: Deny each and every allegation contained in paragraph "25" of plaintiffs' Complaint.

TWENTY-SIXTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of plaintiffs' Complaint and respectfully refer all questions of law to the Honorable Court, except admit that MetLife is a Plan fiduciary only when, and to the extent, that it made discretionary determinations concerning payment of Plan benefits or administration of benefits under the Plan.

TWENTY-SEVENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of plaintiffs' Complaint

and respectfully refer all questions of law to the Honorable Court, except admit that MetLife is a Plan fiduciary only when, and to the extent, that it made discretionary determinations concerning payment of Plan benefits or administration of benefits under the Plan.

TWENTY-EIGHTH: Deny each and every allegation contained in paragraph "28" of plaintiffs' Complaint.

TWENTY-NINTH: Deny each and every allegation contained in paragraph "29" of plaintiffs' Complaint.

THIRTIETH: Deny each and every allegation contained in paragraph "30" of plaintiffs' Complaint.

THIRTY-FIRST: Deny each and every allegation contained in paragraph "31" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record pertaining to plaintiffs' claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein and deny that plaintiffs are entitled to any ASL benefits under the Plan because the Decedent was not enrolled in ASL on the date of his death, but admit that MetLife approved plaintiffs' claims for BLI benefits under the Plan.

THIRTY-SECOND: Deny each and every allegation contained in paragraph "32" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record pertaining to plaintiffs' claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein and deny that plaintiffs are entitled to any ASL benefits under the Plan because the Decedent was not enrolled in ASL on the date of his death.

THIRTY-THIRD:   Deny each and every allegation contained in paragraph "33" of plaintiffs' Complaint.

## COUNT 1 — ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)]

THIRTY-FOURTH:   In response to paragraph "34" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "33," inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-FIFTH:   Deny each and every allegation contained in paragraph "35" of plaintiffs' Complaint.

THIRTY-SIXTH:   Deny each and every allegation contained in paragraph "36" of plaintiffs' Complaint.

## COUNT 2 — ERISA § 502(a)(3)(B) [29 U.S.C. § 1132(a)(3)]

THIRTY-SEVENTH:   In response to paragraph "37" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "36," inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-EIGHTH:   Deny each and every allegation contained in paragraph "38" of plaintiffs' Complaint.

THIRTY-NINTH:   Deny each and every allegation contained in paragraph "39" of plaintiffs' Complaint.

FORTIETH:   Deny each and every allegation contained in paragraph "40" of plaintiffs' Complaint.

FORTY-FIRST: Deny each and every allegation contained in paragraph "41" of plaintiffs' Complaint.

FORTY-SECOND: Deny each and every allegation contained in paragraph "42" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

FORTY-THIRD: Deny each and every allegation contained in paragraph "43" of plaintiffs' Complaint.

FORTY-FOURTH: Deny each and every allegation contained in paragraph "44" of plaintiffs' Complaint.

FORTY-FIFTH: Deny each and every allegation contained in paragraph "45" of plaintiffs' Complaint.

FORTY-SIXTH: Deny each and every allegation contained in paragraph "46" of plaintiffs' Complaint.

FORTY-SEVENTH: Deny each and every allegation contained in paragraph "47" of plaintiffs' Complaint.

FORTY-EIGHTH: Deny each and every allegation contained in paragraph "48" of plaintiffs' Complaint.

FORTY-NINTH: Deny each and every allegation contained in paragraph "49" of plaintiffs' Complaint.

FIFTIETH: Deny each and every allegation contained in paragraph "50" of plaintiffs' Complaint.

FIFTY-FIRST: Deny each and every allegation contained in paragraph "51" of plaintiffs' Complaint.

FIFTY-SECOND: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "52" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except deny that the Plan or MetLife breached any fiduciary duties.

FIFTY-THIRD: Deny each and every allegation contained in paragraph "53" of plaintiffs' Complaint.

FIFTY-FOURTH: Deny each and every allegation contained in paragraph "54" of plaintiffs' Complaint.

FIFTY-FIFTH: Deny each and every allegation contained in paragraph "55" of plaintiffs' Complaint.

FIFTY-SIXTH: Deny each and every allegation contained in paragraph "56" of plaintiffs' Complaint.

## COUNT 3 – ERISA § 502(c)(1) [29 U.S.C. § 1132(c)(1)]

FIFTY-SEVENTH: In response to paragraph "57" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "56," inclusive, with the same force and effect as if more fully set forth at length herein.

FIFTY-EIGHTH: Deny each and every allegation contained in paragraph "58" of plaintiffs' Complaint and further deny that MetLife or the Plan have any duty to provide plaintiffs with Plan documents or that MetLife and/or the Plan ever received a request for documents from plaintiffs.

FIFTY-NINTH: Deny each and every allegation contained in paragraph "59" of plaintiffs' Complaint.

SIXTIETH: Deny each and every allegation contained in paragraph "60" of plaintiffs' Complaint.

SIXTY-FIRST: Deny each and every allegation contained in paragraph "61" of plaintiffs' Complaint.

SIXTY-SECOND: Deny each and every allegation contained in paragraph "62" of plaintiffs' Complaint and further deny that MetLife or the Plan have any duty to provide plaintiffs with Plan documents or that MetLife and/or the Plan ever received such a request for documents from plaintiffs.

### COUNT 4 – COMMON LAW NEGLIGENCE

SIXTY-THIRD: In response to paragraph "63" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "62," inclusive, with the same force and effect as if more fully set forth at length herein.

SIXTY-FOURTH: Deny each and every allegation contained in paragraph "64" of plaintiffs' Complaint.

SIXTY-FIFTH: Deny each and every allegation contained in paragraph "65" of plaintiffs' Complaint.

SIXTY-SIXTH: Deny each and every allegation contained in paragraph "66" of plaintiffs' Complaint.

SIXTY-SEVENTH: Defendants generally object to plaintiff's prayers for relief as set forth in the ad damnum clause of the Complaint.

## OBJECTION TO JURY DEMAND

SIXTY-EIGHTH:  Defendants object to plaintiffs' Jury Demand because they are not entitled to a trial by jury of any claim asserted against these answering defendants. <u>DeFelice v. International Assurance Co. of New York</u>, 112 F.3d 61 (2d Cir. 1997); <u>Sullivan v. LTV Aerospace and Defense Co.</u>, 82 F.3d 1251 (2d Cir. 1996).

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-NINTH:  This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against the defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SEVENTIETH:  The claims for which plaintiffs seek recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SEVENTY-FIRST:  MetLife, as claims fiduciary for the Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by action arbitrarily and capriciously. MetLife's decision making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiffs' claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTY-SECOND: Upon information and belief, plaintiffs' claims are barred by the doctrines of waiver, estoppel, ratification, or laches based upon plaintiffs' own action and/or omissions.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SEVENTY-THIRD: Plaintiffs' recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Plan.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SEVENTY-FOURTH: The claims and remedies sought by plaintiffs are limited solely to those provided under ERISA, and all remedies and claims made by plaintiffs not provided for under ERISA are preempted.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

SEVENTY-FIFTH: The Court's review of plaintiffs' claim against the defendants is limited to the correspondence, notes and documents contained in the administrative record pertaining to plaintiffs' claim kept and maintained by MetLife in the regular course of its business.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SEVENTY-SIXTH: Plaintiffs' claim is barred, in whole or in part, by their failure to comply with and/or exhaust applicable administrative remedies prior to commencing this action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**SEVENTY-SEVENTH:** This action and each purported claim asserted therein are barred by the expiration of the limitations period set forth in the Plan.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

**SEVENTY-EIGHTH:** Plaintiffs' state law based claims sounding in common law negligence are completely preempted by ERISA.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

**SEVENTY-NINTH:** Plaintiffs' claims for legal and consequential damages are completely preempted by ERISA.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

**EIGHTIETH:** Plaintiffs' claim for attorney's fees is premature since they have not demonstrated that they have achieved any success on the merits of any material aspect of their claims.

**WHEREFORE**, defendants MetLife and the Plan pray:

1. That the action be dismissed, or that judgment be entered in favor of defendants, MetLife and the Plan and against plaintiff;
2. That defendants, MetLife and the Plan be awarded costs of suit incurred herein;
3. That defendants, MetLife and the Plan be awarded reasonable attorney's fees; and
4. That defendants, MetLife and the Plan be awarded such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 1, 2010

Respectfully Submitted,

s/
_____
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004
Tel: (212) 422-0202
Fax: (212) 422-0925
*Attorneys for Defendants - BANK OF AMERICA GROUP BENEFITS PROGRAM ("The Plan") and METROPOLITAN LIFE INSURANCE COMPANY s/h/a METLIFE, INC. ("MetLife)*

TO:  Jeffrey W. Padilla, Esq.
Padilla & Associates, PLLC
845 Third Avenue, 6th Floor
New York, New York 10022
Tel: (646) 290-5168
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (on behalf of MetLife and the Plan) was served **ECF and Regular Mail** on November 1, 2010, upon the following:

> Jeffrey W. Padilla, Esq.
> Padilla & Associates, PLLC
> 845 Third Avenue, 6th Floor
> New York, New York 10022
> Tel: (646) 290-5168
> Email: jwp@padillalaw.com
> *Attorneys for Plaintiffs*

s/_____
MICHAEL H. BERNSTEIN (MB-0579)