UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MARY HORN and FREDERICK HORN, SR.,       Case No.  10-CIV-6082
Individually and as Beneficiaries of the Estate of      ECF CASE
FREDERICK HORN, JR.,

                  Plaintiffs,

      -against-

BANK OF AMERICA CORP., BANK OF
AMERICA GROUP BENEFITS PROGRAM
("THE PLAN"), FMR, LLC and METLIFE, INC.,

                  Defendants.
----------------------------------------------------------------X

**MEMORANDUM OF LAW
IN OPPOSITION TO MOTION
TO DISMISS PLAINTIFFS' COMPLAINT**

Respectfully submitted by:

**PADILLA & ASSOCIATES, PLLC**
By: Jeffrey W. Padilla, Esq. (JP-1242)
845 Third Avenue - 6th Floor
New York, New York 10022
Tel.:   (646) 290-5168
Email: jwp@padillalaw.com
*Attorneys for Plaintiffs*

# <u>**TABLE OF AUTHORITIES**</u>

<u>Laws, Statutes and Rules</u>:

Emp. Ret. Income Security Act of 1974, Title I, 29 U.S.C. § 1001 ("ERISA")
§ 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A)……………………………………..12
§ 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B)…………………………………*passim*
§ 502(a)(3), 29 U.S.C. 1132(a)(3)………………………...…………. *passim*
§ 502(c)(1), 29 U.S.C. 1132(c)(1)……………………………...…………….. 12

Federal Rules of Civil Procedure:

Rule 8(a)…………………………………………………...……3, 4, 5, 11, 13

Rule 12(b)(6)…………………………………………………...…...……4, 13

Rule 12(d)……………………………………………………………5, 6

Local Rules (S.D.N.Y.):

Local Rule 7.1(a)…………………………………………………………1

<u>Cases</u>:

<u>Aschroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868, 883 (2009)........................... 4

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 550, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ....................................................................................................................... 4

<u>Brannon v. Tarlov</u>, 986 F. Supp 146 (E.D.N.Y. 1997)................................................... 10

<u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-153 (2d Cir. 2002) ...................... 4, 5

<u>Conkright v. Frommert</u>, 130 S. Ct. 1640, 1646-1651, 176 L. Ed. 2d 469 (2010) ............. 8

<u>DaPonte v. Manfredi Motors, Inc.</u>, 157 Fed. Appx. 328, 331, 2005 U.S. App. LEXIS 19948 (2d. Cir. 2005) ................................................................................................ 14

<u>Devlin v. Empire Blue Cross & Blue Shield</u>, 274 F.3d 76, 89-90 (2d. Cir. 2001)........... 12

<u>DiFolco v MSNBC Cable, LLC, *et al.*</u>, 622 F.3d 104, 111 (2d Cir. 2010) ...................... 6

<u>Dobson v Hartford Financial Services Group, Inc.</u>, 2009 U.S. App. LEXIS 18517 (2d. Cir 2009)........................................................................................................................ 12

<u>Faulkner v. Beer</u>, 463 F.3d 130, 134 (2d Cir. 2006)........................................................ 6

Fershtadt v. Verizon Communications, Inc., 2010 U.S. Dist. LEXIS 13937 (S.D.N.Y., Feb. 9, 2010).............................................................................................. 10

Lochner v Unum Life Ins. Co. of America, 389 F.3d 288 (2d Cir. 2004)......................... 9

Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 554 U.S. 105, 171 L.Ed2d 299 (2008)............................................................................................................. 9

Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2nd Cir. 2005)........................... 4

Sweet v Sheahan, 235 F.3d 80, 83 (2d Cir. 2000) ............................................................ 4

Vanwright v. First Unum Life Ins. Co., 2010 U.S. Dist. LEXIS 76621 (S.D.N.Y., July 26, 2010)............................................................................................................. 9

Varity Corp. v. Howe, 516 U.S. 489, 513-514, 116 S. Ct. 1065 (1996)......................... 12

Watson v. Consol. Edison of N.Y., 594 F. Supp. 2d 399, 405 (S.D.N.Y. 2009)............... 6

Wilkins v. Mason Dist. Council Pension Fund, 445 F.3d 572, 578-579 (2d. Cir 2006) .. 12

## PRELIMINARY STATEMENT

Pursuant to Local Rule 7.1(a), this Memorandum of Law is respectfully submitted in opposition to the present motion by defendants Bank of America Corp. ("BOA") and FMR, LLC ("Fidelity") (collectively hereafter, "Moving Defendants") to dismiss plaintiff's Complaint.

For the reasons set forth below, the present motion should be denied because the Complaint clearly states a claim for relief.

## QUESTION PRESENTED

Should a Complaint containing all of the necessary factual allegations supporting valid claims be dismissed pursuant to Rule 12(b)(6) on the basis of competing factual allegations offered by defendants? It is respectfully submitted that the answer to above question is: No.

## FACTUAL BACKGROUND

This is an action based upon the defendants' wrongful denial of plaintiffs' claim for supplemental life insurance benefits.

As more fully detailed in the Complaint (attached hereto as **Exhibit "A"**), plaintiffs are the named beneficiaries of various employment benefits issued to their son, Fredrick Horn, Jr. (affectionately known as "Rick"), now deceased, as part of his long-standing employment with BOA. Complaint, ¶ 1. Rick's employment was severed as part of a mass severance program.  Id. at ¶ 9.  Pursuant to the terms of the severance program, Rick was scheduled to receive severance payments and benefits through and including October 31, 2008.  Id. at ¶ 10.

Tragically, on August 28, 2008, Rick suffered a major medical incident and was totally incapacitated from that date until his untimely death on October 26, 2008.  Id. at ¶ 13.  Promptly after arriving at the hospital to tend to their son, plaintiffs confirmed with him (through scribbled notes and hand gestures as he was largely confined to a ventilator) that he had not canceled any employment benefits secondary to his severance. Id. at ¶¶ 15-16. Plaintiffs then promptly contacted BOA personnel to confirm that their son's employment benefits remained intact, especially in light of his recent severance.  Id. at ¶¶ 17-18.

What transpired next is also tragic. Despite having actual notice of Rick's dire medical condition, BOA failed to initiate a benefit review or otherwise act to preserve and maintain any relevant benefits. Id. at ¶ 44.  In fact, instead of assisting plaintiffs in confirming what benefits remained intact so that plaintiffs could act accordingly, BOA turned their faces in the other direction, blatantly and openly refusing to discuss any issues concerning the benefits available to plaintiffs' ailing son. Id. at ¶ 17, 18, 20. Plaintiffs repeatedly attempted to communicate with BOA to confirm whether any benefits had been canceled, but BOA took virtually no action. Id.  The only action it took was to "pass the buck" to Fidelity and co-defendant MetLife by giving plaintiffs generic "800" numbers for those companies. Id. at ¶ 17. Such "action" was meaningless as Fidelity and Metlife would not release information without BOA's approval. Id. Indeed, despite actual notice of the urgent medical circumstances and repeated requests for information by plaintiffs, BOA neglected to authorize the release of any information to plaintiffs.  Id. at ¶ 17-20.

Ultimately, after Rick passed away, plaintiffs made a claim for, among other benefits, the proceeds of an associate supplemental life insurance benefit (the "ASLI Policy"). <u>Id.</u> at ¶ 21.  BOA denied the claim and subsequently denied plaintiffs' appeal of such denial.  <u>Id.</u> at ¶¶ 22, 24.  The basis of the denial of the claim and the appeal of that denial is that Rick affirmatively canceled the ASLI Policy on August 1, 2008. <u>Id.</u> at ¶ 22.  Plaintiffs deny that any such cancelation took place.  <u>Id.</u> at ¶ 23.

After exhausting the relevant administrative remedies in an effort to obtain the benefit of the ASLI Policy, this litigation was born. Now, by the present motion, Moving Defendants argue that because the ASLI Policy was allegedly canceled on August 1, 2008, plaintiffs have no standing to assert their claims and the Complaint should therefore be dismissed.

Moving Defendants are overzealous and premature in their application for an Order of dismissal on the stated grounds.  Accordingly, the present motion should be denied.

<u>**DISCUSSION**</u>

**I. STANDARDS OF PLEADING AND REVIEW ON MOTIONS TO DISMISS**

**A. The Standard Pleading Rule**

Pleadings must comply with the following general rule:

> **Rule 8.  General Rules of Pleading**
>
> (a) CLAIM FOR RELIEF.  A pleading that states a claim for relief must contain:
>> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

3

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief. <u>Fed. R. Civ. P. 8(a)</u>.

In <u>Aschroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868, 883 (2009), discussing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 550, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained, "…the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan* v. *Allain,* 478 U. S. 265, 286 (1986))."

There can be no legitimate dispute that the Complaint at issue here generously exceeds "the defendant harmed me" test and the basic pleading requirements of Rule 8(a).

### B. Standard of Review on A Motion to Dismiss Pursuant to Rule 12(b)(6)

The appropriate inquiry is not whether plaintiffs are likely to ultimately prevail on the merits of their claim.  Rather, the inquiry is whether plaintiffs are entitled to offer evidence in an attempt to prove their claim.  <u>Nechis v. Oxford Health Plans, Inc.</u>, 421 F.3d 96, 100 (2nd Cir. 2005).

In determining a motion to dismiss pursuant to Rule 12(b)(6), the Court is required to accept all factual allegations in the Complaint as true, and to construe and draw all reasonable inferences in a light most favorable to plaintiffs. <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002).  Courts should not dismiss a Complaint unless it appears without doubt that plaintiffs can prove no set of facts entitling them to relief.  <u>Id.</u>, citing <u>Sweet v Sheahan</u>, 235 F.3d 80, 83 (2d Cir. 2000).

As plaintiffs have set forth factual allegations in the Complaint in a manner and scope far in excess of the level of pleading required by Fed. R. Civ. P. 8(a), and as the Court is compelled to accept those allegations as true, it is clear that the Complaint is legally sufficient and should not be dismissed.

### C. Reviewing Additional Documents Submitted on a Motion to Dismiss

It is sometimes appropriate on a motion to dismiss for the Court to consider documents attached to or incorporated by reference in the Complaint. Chambers at 152-153. However, if the Court considers any other documents or evidentiary submissions, it must convert the motion to dismiss to one for summary judgment pursuant to Fed. R. Civ. P. 12(d), which provides as follows:

> (d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.  Fed. R. Civ. P. 12(d).

Here, Moving Defendants submit and attempt to have the Court consider documents and information which are not referenced in or attached to the Complaint despite their representation that, "All of the exhibits to Defendants' Motion to Dismiss are referenced in and are a part of the Complaint…." Def. Mem. of Law, p. 1, fn. 1 (emphasis added).   Most significantly, plaintiffs object to the Moving Defendants' submission of the following documents which are not referenced in the Complaint: 1) Declaration of Freda White, 2) Personal Fact Sheet dated July 2, 2008, and 3) Confirmation Statement.   A fair examination of the Complaint yields no legitimate references to those documents.

5

Moving Defendants argue that those documents are "integral" to the Complaint. However, the documents are not integral to the *Complaint*, they integral to the anticipated *defense(s)* to the Complaint. Courts in this Circuit construe "integral" to mean that a Complaint relies heavily upon the documents' purported terms and effect. DiFolco v MSNBC Cable, LLC,  622 F.3d 104, 111 (2d Cir. 2010), *see also,* Watson v. Consol. Edison of N.Y., 594 F. Supp. 2d 399, 405 (S.D.N.Y. 2009).   Moreover, even if a document can be deemed "integral" to the Complaint, it must be clear on the record that no dispute exists concerning the authenticity or accuracy of the document. DiFolco at 111, citing Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006).

Here, plaintiffs directly dispute the content of the wrong submissions by pleading that Rick did not cancel the ASLI Policy.  It should also be noted that plaintiffs did not need to and did not in fact rely on the improperly submitted documents in drafting the Complaint.  Accordingly, pursuant to DiFolco, the improperly submitted documents and the arguments based thereon should not be considered by the Court on this motion to dismiss.

It is also respectfully submitted that this Court should not convert this motion to dismiss to one for summary judgment. The conversion of the present motion pursuant to Rule 12(d) would unfairly enable Moving Defendants to obtain a determination of the parties' respective claims without affording plaintiffs basic documentary discovery.  Such an outcome would be unjust to plaintiffs, especially insofar as much of the information relevant to this claim (particularly, the circumstances surrounding the alleged cancelation of the ASLI Policy) died with Rick.  Accordingly, it is respectfully requested that the Court not convert the present motion.

## II. THE COMPLAINT STATES VALID CLAIMS FOR RELIEF

### A. ERISA § 502(a) (29 U.S.C. 1132(a))

ERISA § 502(a) specifically permits private causes of actions:

> (1) by a participant or beneficiary –
> * * *
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> * * *
> (3) by a participant, beneficiary, or fiduciary(a) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan…"  ERISA § 502(a), 29 U.S.C. 1132(a)

Moving Defendants conveniently ignore the fact that plaintiffs allege in the Complaint that Rick and plaintiffs were participants and beneficiaries of the Plan (Complaint, ¶ 1), that the subject benefit was not canceled and was in fact in force at the time of Rick's death (Id. at ¶¶ 15, 16), and that defendants wrongfully denied plaintiffs benefits due to them under the plan (Id. at ¶¶ 22, 24).  Plaintiffs also claim that defendants breached their fiduciary duty to Rick and plaintiffs with respect to the benefit at issue.  Id. at ¶¶ 27-33.  Such factual pleading supports a finding of standing to assert claims under ERISA.

Moving Defendants fail in their burden to identify precisely which elements of a valid claim are not satisfactorily supported by factual allegations in the Complaint. Instead, Moving Defendants merely attempt to offer its own version of facts to directly compete with those set forth in the Complaint (Moving Defendants own "fact" is that Rick canceled the ASLI Policy).

Relying on its own facts instead of those alleged in the Complaint, Moving Defendants argue that plaintiffs' ERISA claims fail because plaintiffs have no standing to assert such claims. <u>Def. Mem. of Law</u>, p. 9 ("Put simply, Plaintiff ceased being ERISA beneficiaries when Mr. Horn canceled his supplemental life insurance on August 1, 2008, and himself ceased being a participant in the Plan as of August 1, 2008…") and ("As such, Plaintiffs cannot be considered ERISA beneficiaries, and, thus, have no standing to sue under ERISA here.").

Such a shaky pillar of "support" cannot withstand the weight of the required standard of judicial review on the present motion. The factual allegations in the Complaint compel the Court to assume that Rick did <u>not</u> cancel the ASLI Policy at any time prior to his death. Complaint, ¶¶ 15-16. Once plaintiffs' factual allegations in the Complaint are accepted as true, the main pillar of the present motion is cracked and the motion must fall and fail.

**B. An "Arbitrary and Capricious" Review is Premature**

Moving Defendants, again ignoring the clearly sufficient factual allegations in the Complaint and the required standard of review on a motion to dismiss, argue that the Court should simply apply a deferential "arbitrary and capricious" (versus a *de novo*) standard of review in determining whether the underlying denial of benefits was proper, and then come to the conclusion that the denial of benefits was not in fact arbitrary and capricious. Such judicial activity is not consistent with the function of the Court on a motion to dismiss.

Although it may well turn out that deferential review is appropriate, <u>Conkright v. Frommert</u>, 130 S. Ct. 1640, 1646-1651, 176 L. Ed. 2d 469 (2010), it is premature to

determine at this early stage of the proceedings which standard of review should ultimately be utilized to resolve the parties' respective claims and defenses. The sole discussion at this stage of the proceedings must be focused on whether the Complaint *alleges* a wrongful denial, not whether a wrongful denial *in fact* occurred when examined against a backdrop of a particular standard of review.

Void in the present motion is an explanation of how Moving Defendants expect the Court to examine and/or determine whether the underlying denial at issue was in fact "arbitrary and capricious" without the benefit of a complete copy of the documents, records and information used by defendants to form the basis of the denial (sometimes collectively referred to as "the administrative record"). Not only is the administrative record not before the Court (and has not been provided to plaintiffs), there are times when information outside the "administrative record" must be analyzed. Lochner v Unum Life Ins. Co. of America, 389 F.3d 288 (2d Cir. 2004).

Also void is a mechanism for plaintiffs to have a fair opportunity to test the contents (and the lack thereof) of the administrative record and other relevant documents and information in order to gather additional support for their claims as enunciated in the Complaint. Id.

Also void is how defendants' respective conflicts of interest can be identified, considered, tested and ultimately determined by the Court prior to determining whether the underlying denial was arbitrary and capricious. Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 554 U.S. 105, 171 L.Ed2d 299 (2008), *see also*, Vanwright v. First Unum Life Ins. Co., 2010 U.S. Dist. LEXIS 76621 (S.D.N.Y., July 26, 2010) (courts must take into account any conflicts the administrator may have).

Accordingly, the discourse concerning the appropriate standard of review is better reserved for another day.

### C. Moving Defendants Are Proper Parties

Moving Defendants next argue that plaintiffs' claim pursuant to ERISA 502(a)(1)(B) can only be directed to the relevant Plan.[1]  However, in addition to the Plan itself, the administrators and trustees of the Plan may also be held liable on ERISA 502(a)(1)(B) claims. Fershtadt v. Verizon Communications, Inc., 2010 U.S. Dist. LEXIS 13937 (S.D.N.Y., Feb. 9, 2010); Brannon v. Tarlov, 986 F. Supp 146 (E.D.N.Y. 1997).

In this regard, plaintiffs allege in the Complaint that Moving Defendants were administrators or co-administrators of the Plan (Complaint, ¶¶ 2, 3), and that Moving Defendants' personnel controlled and/or influenced the administration of the Plan as follows:

> "Defendants and their employees, specifically including BOA'S Human Resources personnel, acted as fiduciaries with respect to the Plan insofar as said employees were assigned the task of discussing relevant benefits issues with participants and beneficiaries of the Plan, were identified as the main contact people for all benefits issued pursuant to the Plan, were responsible for the preparation and filing of documentation required of participants and beneficiaries of the Plan, were responsible for educating and explaining to participants and beneficiaries the methods by which benefits under the Plan could be obtained and maintained, were responsible for determining initial and ultimate eligibility for benefits issued pursuant to the Plan, were responsible for communication by and between the Plan sponsor(s) and/or the Plan's administrators and insurers, and were responsible for making determinations as to a participant's or beneficiary's claim for benefits under the Plan."  Complaint, ¶ 27.

---

[1] The Plan has been named as a separate party defendant, has appeared by counsel and has served an Answer.

Moving Defendants rely on selected portions of the Plan in order to establish that they are not the "administrators" of the Plan. However, only a portion of the purported Plan is produced.  There is no affirmative showing that Moving Defendants are not trustees of the Plan.  Nor is there an affirmative showing that the documents relied upon by Moving Defendants have not been amended, nor whether there are other documents identifying different administrators and/or trustees. It may turn out after discovery that Moving Defendants are not in fact the "administrators" or "trustees" of the Plan and they may accordingly be entitled to dismissal of plaintiffs' ERISA 502(a)(1)(B) claim at some later stage of the proceeding.  However, it is premature at this stage of the proceedings to concede as such.

### D. Plaintiffs' 502(a)(3) Claims Should Be Permitted To Stand

Moving Defendants also seek dismissal of plaintiffs' ERISA 502(a)(3) claim because plaintiffs' 502(a)(1)(B) claim allegedly provides the sole appropriate remedy. However, those two claims advanced by plaintiffs do not necessarily run on the same tracks or go to the same station; they are separate and distinct from one another. Plaintiffs' 502(a)(1)(B) claim is premised on the allegation that the denial of the ASLI Policy benefit was improper.  Plaintiffs' 502(a)(3) alleges wrongdoing and breach of fiduciary duty prior to the date of death, before a claim was ever made for the ASLI Policy benefit.  Insofar as Fed. R. Civ. P. 8(a)(3) allows a party to plead alternative theories of liability, plaintiffs should be permitted to plead both the claim pursuant to ERISA 502(a)(1)(B) and the claim pursuant to 502(a)(3).

Courts have considered both such claims and independently addressed each of them when brought in a single action. *See generally*, <u>Dobson v Hartford Financial Services Group, Inc.</u>, 2009 U.S. App. LEXIS 18517 (2d. Cir 2009).

Also, in <u>Wilkins v. Mason Dist. Council Pension Fund</u>, 445 F.3d 572, 578-579 (2d. Cir 2006), the Second Circuit considered plaintiff's 502(a)(1)(B) and 502(a)(3) claims together.  The Court of Appeals explained the basic differences between the claims – the 502(a)(1)(B) claim is the "workhorse" of ERISA remedy law under which routine benefit denial claims proceed, and 502(a)(3) is a "catch-all provision" which acts as a safety net. <u>Id.</u>

In seeking dismissal of plaintiffs' 502(a)(3) claim here, Moving Defendants principally rely on <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 513-514, 116 S. Ct. 1065 (1996) as support for their argument that the 502(a)(1)(B) and 502(a)(3) claims cannot be asserted jointly.  However, the Court of Appeals in <u>Wilkins</u> (citing <u>Devlin v. Empire Blue Cross & Blue Shield</u>, 274 F.3d 76, 89-90 (2d. Cir. 2001)) specifically explained that the holding in <u>Varity Corp.</u>, "…did <u>not</u> eliminate a private cause of action for breach of fiduciary duty when another potential remedy is available…." <u>Wilkins</u> at 578 (emphasis added).

### E. Plaintiffs Have Stated a Valid Claim For a Violation of ERISA 502(c)(1)

Moving Defendants attempt to avoid liability on this claim by arguing that the Complaint does not mention ERISA §502(a)(1)(A) and because there is no allegation that the request for the relevant documents was in writing.

First, the Complaint clearly alleges a violation of ERISA §502(c)(1).  A cause of action for a violation of ERISA §502(c)(1) is specifically authorized by ERISA

§502(a)(1)(A).   The fact that the claim is not labeled to Moving Defendants' liking should not prove to be fatal to the claim itself.   Moving Defendants are clearly "on notice" of the essence of the claim and can defend it on the merits without prejudice arising from a labeling issue.

With respect to Moving Defendants' argument that there is no allegation that the request was in writing, plaintiffs do not dispute that a request must be in writing. However, if Moving Defendants can prove through admissible evidence that no such writing was made, they can move for summary judgment on that issue.   It is not conceded at this stage of the proceedings that a pleading must allege a *written* request.

Should the Court find that the labeling of the claim problematic, or that the word "written" must be set forth in the pleading, then it is respectfully submitted that leave be granted to re-plead this claim to simply change the label and add the word "written".

### F.  Plaintiffs' Negligence Claims are Not Preempted by ERISA

Pursuant to Fed. R. Civ. P. 8(a)(3), plaintiffs are expressly permitted to offer a pleading containing alternative theories of relief and seeking different types of relief. Plaintiffs' negligence claim seeks damages in an amount to be determined by the Court to compensate plaintiffs for acute emotional distress and suffering.   Complaint, ¶ 66.[2]   The damages sought are not necessarily related to the denial of benefits decision or the subsequent appeal process.   The claim for damages is attributable to the way plaintiffs were treated by defendants and the damages caused by such treatment.

Moving Defendants incorrectly argue that a determination of the negligence claim would compel the Court, "…to construe the terms of the Plan in order to determine

---

[2] With respect to the negligence claim, Moving Defendants claim that, "Plaintiffs seek damages in the amount of the value of the supplemental life insurance benefits at issue." This is blatantly false. *See* Complaint at ¶ 66, Prayer for Relief.

whether Plaintiffs are entitled to the monetary damages they seek." <u>Def. Mem. of Law</u>, p. 16. Moving Defendants (perhaps purposefully) misunderstand the negligence claim and/or confuse it with plaintiffs' ERISA claims. The ERISA claims relate to the breach of the fiduciary duty owed to Rick and plaintiffs, and to enforce plaintiffs rights under the Plan. The negligence claim is specifically directed to the emotional distress and suffering caused by defendants' acts and/or omissions.

In <u>DaPonte v. Manfredi Motors, Inc.</u>, 157 Fed. Appx. 328, 331, 2005 U.S. App. LEXIS 19948 (2d. Cir. 2005), the Court of Appeals explained that tort claims which do not fall within ERISA's enforcement provision should not be preempted. Ironically, in <u>DaPonte</u>, the court ruled that the tort claims were not preempted because DaPonte was not a participant or beneficiary in the subject Plan (precisely as Moving Defendants argue here). <u>Id.</u>

In any event, Plaintiffs should not be precluded from asserting a claim for damages due to the emotional turmoil they experienced as a result of the defendants' negligence in the face of a catastrophic, and ultimately fatal, medical condition affecting their son. Indeed, Fed. R. Civ. P. 8(a)(3) specifically affords plaintiffs such right to plead *alternative* theories of liability.

## <u>CONCLUSION</u>

In light of the foregoing and the papers submitted in conjunction herewith, it is respectfully submitted that this Court should <u>deny</u> the present motion in its entirety.  In the alternative, in lieu of dismissing any of plaintiffs' claims, it is respectfully requested that this Court grant plaintiffs leave to re-plead any claims found to be deficient.

Dated: New York, New York
      December 6, 2010

                          Respectfully submitted,

                          X_____/S/_____
                          **PADILLA & ASSOCIATES, PLLC**
                          By: Jeffrey W. Padilla, Esq. (JP-1242)
                          845 Third Avenue - 6th Floor
                          New York, New York 10022
                          Tel.:   (646) 290-5168
                          Email: jwp@padillalaw.com
                          *Attorneys for Plaintiffs*