JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF CASE

# 10 CIV 6082

-------------------------------------------------------------

MARY HORN and FREDERICK HORN, SR.,
Individually and as Beneficiaries of the Estate of
FREDERICK HORN, JR.,

Case No. ____ ____ ____

Plaintiffs,

-against-

**COMPLAINT**

BANK OF AMERICA CORP., BANK OF
AMERICA GROUP BENEFITS PROGRAM
("THE PLAN"), FMR, LLC and METLIFE, INC.,

Defendants.

-------------------------------------------------------------X



## JURY TRIAL DEMANDED ON ALL CLAIMS

Plaintiffs demand a jury trial on all matters properly triable to a jury.


Plaintiff MARY HORN and FREDERICK HORN, SR., individually and as

beneficiaries of the ESTATE OF FREDERICK HORN, JR., as and for its Complaint

against the defendants, hereby allege as follows:

### THE PARTIES

1.      Plaintiffs are the parents of Frederick Horn, Jr. (hereafter "RICK"), deceased, a

former employee of defendant BANK OF AMERICA CORP. (hereafter "defendant" or

"BOA").  RICK was a resident of this District at the time of his death.  Plaintiffs are the

named beneficiaries of the insurance policy benefits at issue here and are also the legal

beneficiaries of RICK'S estate.

2.      BOA is a corporation headquartered in North Carolina which is authorized to and

does conduct substantial business in this District, and which employed RICK at its offices

located in this District.   BANK OF AMERICA GROUP BENEFITS PROGRAM (hereafter "the Plan") provided the benefits at issue here.   BOA was a sponsor and/or administrator and/or trustee of the Plan.

3.      Defendant FMR, LLC (hereafter "defendant" or "FMR"), is a limited liability company headquartered in Massachusetts, which is authorized to and does conduct substantial business in this District.   Under its "NetBenefits" platform and related services, FMR acted as the administrator and/or co-administrator of the Plan.

4.      Defendant METLIFE, INC. (hereafter "defendant" or "METLIFE") is a corporation which is a resident of this District.  METLIFE maintains its principal place of business and conducts substantial business in this District. METLIFE issued the Plan life insurance policy at issue here.  METLIFE is joined herein as an interested party.

### JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all related state law claims.   This Court has personal jurisdiction over defendants BOA and FMR because said defendants maintain offices in and conduct substantial business in this District.   This Court has personal jurisdiction over defendant METLIFE pursuant to F.R.C.P. Rule 19, and because said defendant is a resident of and maintains an office and conducts substantial business in this District.

6.      Pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), venue is proper in this District in that the subject Plan was administered in this District, the breach of the Plan occurred in this District and at least one defendant resides and can be found in this District.

## STATEMENT OF THE CASE

7.      Defendant BOA breached its severance agreement with and fiduciary obligation to RICK and plaintiffs (and FMR breached its fiduciary duty to RICK), resulting in plaintiffs being wrongfully denied the proceeds of an Associate Supplemental Life Insurance Policy (hereafter "ASLI Policy") which was issued to RICK as an employment benefit pursuant to the Plan.

8.      This action seeks to declare and enforce plaintiff's rights under the Plan, for equitable relief to redress defendants' violations of their fiduciary duty to RICK and plaintiffs, for penalties stemming from defendants' failure to provide plaintiffs with relevant Plan documents, and for damages resulting from defendants' negligence.

## FACTS SUPPORTING THE CLAIM

9.      RICK enjoyed a productive stint of employment with BOA, but was ultimately severed effective July 1, 2008, as part of a mass severance program.  At the time of his severance, he enjoyed certain employment-related benefits pursuant to the Plan, including the ASLI Policy.

10.     The terms of RICK'S severance were memorialized by a Corporate Severance Program (hereafter "CSP").  Pursuant to the CSP, RICK was scheduled to receive severance payments covering the period from July 1, 2008, through and including October 31, 2008.

11.     With respect to the ASLI Policy, the CSP (at "Benefits Grid" - Section 9) provided in pertinent part that, "Coverage continues through the end of the pay period in which severance pay ends."

12.     Applying that provision, the ASLI Policy should have been in effect to October 31, 2008.

13.     On August 28, 2008, RICK suffered a catastrophic medical event. From that time until his untimely death on October 26, 2008, RICK was totally disabled and largely required the use of a ventilator to sustain his life.

14.     RICK passed away several days prior to October 31, 2008. Accordingly, the proceeds of the ASLI Policy should have been paid. The proceeds of the ASLI Policy also should have been paid because RICK was still noted on the date of his death on defendants' business records as the named insured of the ASLI Policy.

15.     At no time from the date of his severance to the date of his death did RICK decrease or cancel any employer-sponsored insurance benefits under the Plan, including the ASLI Policy.

16.     In fact, plaintiffs, soon after arriving at the hospital to attend to RICK, confirmed with RICK by head and hand gestures and some scribbled notes that all of his employer-sponsored insurance benefits under the Plan remained intact despite his recent severance, and that he had not decreased or canceled any such benefits.

17.     In an effort to confirm that fact, on or about August 28, 2008, plaintiffs began contacting BOA's Human Resources Department by telephone.  Plaintiffs were repeatedly advised that BOA would not discuss the matter with them.  Rather, BOA refused to assist or communicate in a substantive way with plaintiffs, and instead diverted plaintiffs to general "800" numbers for METLIFE and FMR.  However, BOA did not authorize METLIFE or FMR to allow plaintiffs to obtain pertinent information or

assistance from either METLIFE or FMR. Accordingly, the "assistance" provided by BOA was useless. In addition, METLIFE and FMR offered no assistance to plaintiffs.

18. Getting nowhere by telephone, plaintiffs then personally appeared at BOA's offices in this District and requested access to BOA's offices to meet with appropriate Human Resources personnel. Plaintiffs were denied access and, consequently, denied an opportunity to confirm the status of RICK'S employer-sponsored insurance benefits under the Plan.

19. Commencing on or about August 29, 2008, defendants BOA and the Plan, through BOA'S Human Resources employees, RICK'S former colleagues who remained employed at BOA and RICK'S former supervisor at BOA became specifically aware of RICK'S dire medical condition.

20. Yet, despite such actual notice of RICK'S dire medical condition, defendants failed to respond accordingly. To the contrary, defendants refused to take the initiative or assist plaintiffs in protecting RICK'S entitlement to his employer-sponsored insurance benefits under the Plan, including the ASLI Policy.

21. Subsequent to RICK'S death, plaintiffs made claims to RICK'S employer-sponsored benefits under the Plan, including the proceeds of the ASLI Policy.

22. Defendants refused to pay plaintiffs the proceeds of the ASLI Policy based upon their allegation that the ASLI Policy benefit had been canceled by RICK.

23. Plaintiffs deny that the ASLI Policy was canceled by RICK. Even if the ASLI Policy had been mistakenly canceled (by RICK or defendants), defendants' own acts/omissions prevented the correction of that mistake.

24.     Plaintiffs appealed the denial of the ASLI Policy claim to the Plan's Benefit Appeals Committee.  By letter dated August 18, 2009, the Benefits Appeal Committee denied plaintiffs' appeal and advised plaintiffs that they had exhausted the Plan's claim procedures.

25.     For the reasons set forth herein, the denial of plaintiffs' claim for the proceeds of the ASLI Policy was in error.

26.     Defendants had a contractual obligation to RICK and plaintiffs through the CSP and the Plan.  Further, defendants, as administrators and/or co-administrators of the Plan and/or issuers of the Plan benefit at issue here, also owed RICK and plaintiffs a fiduciary duty to protect RICK and plaintiffs with respect to the benefits available under the Plan, including the ASLI Policy.

27.     Defendants and their employees, specifically including BOA'S Human Resources personnel, acted as fiduciaries with respect to the Plan insofar as said employees were assigned the task of discussing relevant benefits issues with participants and beneficiaries of the Plan, were identified as the main contact people for all benefits issued pursuant to the Plan, were responsible for the preparation and filing of documentation required of participants and beneficiaries of the Plan, were responsible for educating and explaining to participants and beneficiaries the methods by which benefits under the Plan could be obtained and maintained, were responsible for determining initial and ultimate eligibility for benefits issued pursuant to the Plan, were responsible for communication by and between the Plan sponsor(s) and/or the Plan's administrators and insurers, and were responsible for making determinations as to a participant's or beneficiary's claim for benefits under the Plan.

28.     Defendants breached their contractual and fiduciary obligations under the Plan and the CSP by failing to keep in effect the ASLI Policy through October 31, 2008.

29.     Defendants actively frustrated RICK'S and plaintiffs' efforts to ensure defendants' compliance with its contractual and fiduciary obligations under the Plan and the CSP.

30.     Defendants breached their contractual and fiduciary obligations under the Plan and the CSP and also frustrated RICK'S and plaintiffs' efforts to ensure compliance with those contractual and fiduciary obligations despite their actual notice of RICK'S dire medical condition.

31.     RICK and plaintiffs complied with all of their obligations under the Plan and the CSP.

32.     From the date of the onset of the catastrophic medical incident until his untimely death, RICK was excused from any additional performance of any obligations under the Plan and the CSP by virtue of impossibility, to wit, his total incapacity and disability.

33.     As a result of defendants' breach of its contractual and fiduciary obligations under the Plan and the CSP, and as a result of defendants' frustration of plaintiffs' efforts to ensure defendants' compliance with their obligations despite defendants' actual notice of RICK'S dire medical condition, plaintiffs were damaged by virtue of the denial of their claim for the proceeds of the ASLI Policy, and defendants have received unjust gain by avoiding payment of its lawful obligation to plaintiffs, including the proceeds of the ASLI Policy.

## COUNT 1 – ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)]

34.     Plaintiffs hereby repeat and incorporate by reference all other allegations in this Complaint as if fully set forth herein.

35.     Plaintiffs are covered under the Plan as named beneficiaries of the ASLI Policy.

36.     Defendants breached the terms of the Plan by, among other things, refusing to pay to plaintiffs the proceeds of the ASLI Policy, and plaintiffs are entitled to recover the benefits due to them under the Plan and to enforce their rights under the Plan, including payment of the proceeds of the ASLI Policy.

## COUNT 2 - ERISA § 502(a)(3) [29 U.S.C. § 1132(a)(3)]

37.     Plaintiffs hereby repeat and incorporate by reference all other allegations in this Complaint as if fully set forth herein.

38.     Plaintiffs are covered under the Plan as named beneficiaries of the ASLI Policy.

39.     Defendants violated their fiduciary obligations under ERISA, and plaintiffs are entitled to equitable relief to redress such violation(s) and to enforce the terms of ERISA and the Plan.

40.     Plaintiffs are entitled to equitable relief to redress such violation(s) and to enforce the terms of ERISA and the Plan, including a Judgment enjoining defendants from relying on an alleged cancelation or expiration of the ASLI Policy benefit as a basis for denying plaintiffs' claim to such benefit.

41.     Plaintiffs are entitled to and should be made whole by having restores to them the benefit of the ASLI Policy.

42.     Pursuant to ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), defendants were obligated to discharge their fiduciary duties solely in the interest of participants (RICK) and their beneficiaries (plaintiffs).

43.     Defendants violated their fiduciary duties by failing to ensure that all benefits under the Plan, including the ASLI Policy, remained intact for the benefit of RICK and plaintiffs.

44.     Defendants violated their fiduciary duties by failing to initiate a benefit review once defendants became aware of RICK'S medical condition.

45.     Defendants violated their fiduciary duties by actively preventing plaintiffs from ensuring that all benefits under the Plan, including the ASLI Policy, remained intact for the benefit of RICK and plaintiffs.

46.     Defendants violated their fiduciary duties by failing to act solely in the interest of RICK and plaintiffs and by in fact affirmatively working against RICK and plaintiffs.

47.     Defendants violated their fiduciary duties by acting in their own best interests and benefit and to the detriment of RICK and plaintiffs.

48.     Defendants violated their fiduciary duties to RICK and plaintiffs despite having actual notice of RICK'S dire medical condition.

49.     Defendants violated their fiduciary duties to RICK and plaintiffs by negligently hiring, training, instructing and supervising their agents and employees with respect to defendants' obligations pursuant to the Plan, including the ASLI Policy.

50.     Defendants violated their fiduciary duties to RICK and plaintiffs by negligently failing to establish appropriate processes for the compilation and processing of pertinent

information pertaining to their employees and relating to the provision and availability of benefits available under the Plan, including the ASLI Policy.

51.     Defendants violated their fiduciary duties to RICK and plaintiffs by negligently failing to identify the importance of maintaining all of the benefits available to RICK and plaintiffs under the Plan, including the ASLI Policy, and by rejecting plaintiffs' attempts to ensure that all benefits available under the Plan, including the ASLI Policy, remained in full force and effect until the end of the severance pay period.  Such breach of their fiduciary duty was exceptionally egregious given BOA'S and the Plan's actual notice of RICK'S dire medical condition.

52.     Neither RICK nor plaintiffs bear any fault for defendants' violation of their fiduciary duties.

53.     But for defendants' violation of their fiduciary duties, plaintiffs' claim for the proceeds of the ASLI Policy would not have been denied, and would in fact have been paid.

54.     Defendants' violation of their fiduciary duties has to date benefited defendants insofar as they have avoided paying to plaintiffs the proceeds of the ASLI Policy.

55.     As a result of defendants' violation of their fiduciary duties to RICK and plaintiffs, plaintiffs have been wrongfully deprived of the proceeds of the ASLI Policy.

56.     As a result of defendants' violation of their fiduciary duties to RICK and plaintiffs, plaintiffs are entitled to all equitable relief to redress such violation(s) and to enforce the terms of ERISA and the Plan.

## COUNT 3 - ERISA § 502(c)(1) [29 U.S.C. § 1132(c)(1)]

57.    Plaintiffs hereby repeat and incorporate by reference all other allegations in this Complaint as if fully set forth herein.

58.    During the time of RICK's hospitalization and continuing through the date of his death, plaintiffs requested relevant Plan documents from defendants.  Defendants failed to provide plaintiffs with a complete copy of the Plan, the Summary Plan Description and related documents.

59.    Defendants failed to provide plaintiffs with a complete copy of the ASLI Policy and other company-owned life insurance policies.

60.    Defendants failed to provide plaintiffs with an executed copy of the CSP Agreement which purportedly affected benefits under the Plan.

61.    Defendants failed to provide plaintiffs with copies of all documents executed by RICK with respect to benefits available to RICK and plaintiffs under the Plan.

62.    Defendants merely provided plaintiffs' with proposed copies of the above documents.  The provision of unexecuted drafts of documents denied plaintiffs a fair opportunity to properly examine their entitlement to benefits under the Plan, and defendants should be assessed penalties for such failure to provide the relevant documents.

## COUNT 4 – COMMON LAW NEGLIGENCE

63.    Plaintiffs hereby repeat and incorporate by reference all other allegations in this Complaint as if fully set forth herein.

64.    Defendants breached their common law duty to RICK and plaintiffs, individually and as beneficiaries of RICK'S estate.

65.    Such breach resulted from defendants' acts and/or omissions as set forth herein which constituted a significant departure from commercially reasonable Human Resources and benefits administration protocol.

66.    Such breach proximately caused plaintiffs damage, including but not limited to acute emotional distress and suffering, in an amount to be determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Court enter Judgment:

- On Count 1: Enforcing plaintiffs' rights under the Plan by declaring their entitlement to the proceeds of the ASLI Policy;

- On Count 2: Awarding plaintiffs equitable relief sufficient to redress defendants' violations of their fiduciary duties;

- On Count 3:  Awarding plaintiffs penalties in an amount and kind determined by the Court to address defendants' failure to provide relevant documents upon request;

- On Count 4:  Awarding plaintiffs monetary damages in an amount to be determined by the Court; and

- Awarding plaintiffs interest, costs, attorney's fees; and such other and further relief as this Court deems just and proper.

Date:   New York, New York
        August 13, 2010

X _____

**PADILLA & ASSOCIATES, PLLC**
By: Jeffrey W. Padilla, Esq. (JP-1242)
845 Third Avenue - 6th Floor
New York, New York 10022
Tel.:    (646) 290-5168
Email: jwp@padillalaw.com
*Attorneys for Plaintiffs*