UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
MARY HORN and FREDERICK HORN, SR., :
individually and as Beneficiaries of :
the Estate of FREDERICK HORN, JR., :
                                     :
            Plaintiffs,              :
                                     :
       -v-                           :     10 Civ. 6082 (JSR)
                                     :
BANK OF AMERICA CORP., BANK OF       :     ORDER
AMERICA GROUP BENEFITS PROGRAM, FMR, :
LLC AND METLIFE, INC.,               :
                                     :
            Defendants.              :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

     On August 13, 2010, plaintiffs Mary and Frederick Horn, Sr. (the "Horns"), as the named beneficiaries of the life insurance policy of their deceased son, Frederick Horn, Jr. ("Horn, Jr."), and legal beneficiaries of their son's estate, filed this ERISA action against various defendants for recovery of life insurance benefits that they allege they were wrongfully denied. On November 8, 2010, defendants moved to dismiss the complaint on the basis of documentary exhibits attached to their moving papers that purportedly establish that Horn, Jr. cancelled his life insurance policy prior to his death. At oral argument, on January 7, 2011, the Court converted the motion to dismiss to one for summary judgment, and directed limited additional discovery on the converted motion.

     By joint telephone conference on February 18, 2011, plaintiffs' counsel, Jeffrey Padilla, requested the Court's leave to be relieved as counsel in this action. In an ex parte affidavit in

support of this application, Padilla alleged, first, that the Horns "have breached the Retainer Agreement" in that they "have steadfastly refused to pay invoices dating back to October 14, 2010." Affidavit of Jeffrey Padilla, dated March 3, 2011 at ¶¶ 5, 8. Second, Padilla alleged that the Horns have "refused to provide [him] with case-critical information." Id. at ¶¶ 9, 11.[1] On March 10, 2011, during a telephone conference with the Court and Padilla, the Horns confirmed the allegations made in Padilla's affidavit, including the fact that they have refused to pay Padilla for his services since October, 2010. The Court then instructed the Horns that, by no later than March 14, 2011, they must either: (1) resolve their payment dispute with Padilla; (2) retain new counsel; (3) proceed with the action pro se; or (4) voluntarily dismiss the case. On March 14, 2011, Padilla informed the Court that the Horns had refused to make themselves available for their scheduled 12:30 p.m. conference call with the Court, and had not informed him of their decision as to how to move forward in this action. Over the following five days, Padilla repeatedly endeavored to make contact with the Horns, but with no success.

---

[1] Although the Court allowed Padilla to submit the affidavit ex parte in order to, among other things, protect the attorney-client privilege, none of the foregoing information is privileged.

In light of the foregoing, the Court, hereby dismisses the complaint, with prejudice, under Rule 41(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41(b); see also Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991) (internal citation omitted) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
       March 23, 2011

JED S. RAKOFF, U.S.D.J.